**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL T. HAYES,

               Plaintiff - Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA, a Maryland corporation; et al.,

               Defendants - Appellees.

No. 13-35887

D.C. No. 1:10-cv-00011-EJL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted September 18, 2015[**]
San Francisco, California

Before: D.W. NELSON, CANBY, and NOONAN, Circuit Judges.

Michael T. Hayes, an Idaho state prisoner, appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging numerous violations of

his civil rights, including unconstitutional living conditions and deliberate

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

indifference to serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir.1996) (summary judgment), *amended* by 135 F.3d 1318 (9th Cir.1998). We affirm.

"The denial of a motion to amend a complaint is reviewed for abuse of discretion." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). Leave to mend is to be liberally granted, and "[f]ive factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Id.* (internal quotation marks and citations omitted). The district court accepted two amended complaints and granted Hayes two extensions of time to file his third amended complaint. The district court did not abuse its discretion in denying Hayes's third extension request.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, *et seq.*, requires prisoners to properly exhaust administrative remedies before filing a suit in federal court, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines."

*Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The district court properly dismissed Hayes's unconstitutional living conditions claim because he failed to properly exhaust his administrative remedies.

The district court properly granted summary judgment on Hayes's deliberate indifference to serious medical needs claim. Hayes failed to demonstrate a genuine issue of material fact as to whether Cooper's "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation marks, citation and emphasis omitted). It is undisputed that the medical appointment with Cooper ended because Hayes stood up and stepped toward Cooper rather than because Cooper purposefully acted or failed to respond to Hayes's medical needs.

The district court did not err in dismissing the rest of Hayes's claims for failure to allege sufficient facts, failure to properly serve defendants, or untimeliness.

The district court's judgment is **AFFIRMED**.